# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SMURFIT-STONE CONTAINER CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10235 (BLS)<br><br>Jointly Administered<br><br>Requested Hearing Date: January 14, 2010 at 11:00 a.m. (ET)<br>Requested Objection Deadline: January 11, 2010 at 4:00 p.m. (ET) |

## JOINT MOTION OF THE DEBTORS AND J.P. MORGAN SECURITIES INC. FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE ARRANGEMENT FEE LETTER RELATING TO EXIT TERM LOAN FACILITY

The above-captioned debtors and debtors-in-possession (together, the "Debtors") and J.P. Morgan Securities Inc. ("JPMSI", together with the Debtors, the "Movants") hereby move the Court (the "Motion") for entry of an order (the "Order"), under U.S.C. 107(b), Fed. R. Bankr. P 9018, and Del. Bankr. LR 9018-1(b) in substantially the form attached hereto as Exhibit A, authorizing the Movants to file under seal the Arrangement Fee Letter (the "Arrangement Fee Letter") between and among Smurfit-Stone Container Corporation, JPMorgan Chase Bank, N.A. ("JPMCB"), JPMSI, Deutsche Bank Securities Inc. ("DBSI") and Banc of America Securities LLC ("BAS") relating to the Debtors' proposed exit financing term loan facility. In support of this Motion, the Movants respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Smurfit-Stone Container Corporation (1401), Smurfit-Stone Container Enterprises, Inc. (1256), Calpine Corrugated, LLC (0470), Cameo Container Corporation (5701), Lot 24D Redevelopment Corporation (6747), Atlanta & Saint Andrews Bay Railway Company (0093), Stone International Services Corporation (9630), Stone Global, Inc. (0806), Stone Connecticut Paperboard Properties, Inc. (8038), Smurfit-Stone Puerto Rico, Inc. (5984), Smurfit Newsprint Corporation (1650), SLP Finance I, Inc. (8169), SLP Finance II, Inc. (3935), SMBI Inc. (2567), Smurfit-Stone Container Canada Inc. (3988), Stone Container Finance Company of Canada II (1587), 3083527 Nova Scotia Company (8836), MBI Limited/Limitée (6565), Smurfit-MBI (1869), 639647 British Columbia Ltd. (7733), B.C. Shipper Supplies Ltd. (7418), Specialty Containers Inc. (6564), SLP Finance General Partnership (9525), Francobec Company (7735), and 605681 N.B. Inc. (1898). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 222 North LaSalle Street, Chicago, Illinois 60601.

## JURISDICTION

1.  The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are Section 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Delaware Local Rule 9018-1(b).

## BACKGROUND

3.  On January 26, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

4.  The Movants have been working diligently with respect to a post-Chapter 11 term loan facility for the Debtors. Contemporaneously with the filing of this Motion, the Debtors are filing their Motion for an Order Pursuant to Sections 105(a), 363(b) and 364(b) of the Bankruptcy Code for Authority to (A) Enter Into Exit Term Loan Facility Engagement and Arrangement Letter and Fee Letter, (B) Pay Associated Fees and Expenses, and (C) Furnish Related Indemnities (the "Exit Term Loan Motion"). In the Exit Term Loan Motion the Debtors seek authority to enter into an agreement with JPMSI, JPMCB DBSI and BAS (collectively, the "Arrangers") pursuant to which the Arrangers would undertake to provide services with respect to structuring, arrangement, and syndication of a term loan facility for the Debtors, which
2

DB02:9091839.1                                                                   068063.1001

facility, if successful, would be funded on the effective date of the Debtors' plan of reorganization and their emergence from Chapter 11.

5. The Arrangement Fee Letter is not attached to the Exit Term Loan Motion. As described below, the Arrangement Fee Letter contains information that is both commercially sensitive to the Movants and also is proprietary to the Arrangers. To protect this confidential information, the Movants respectfully request entry of an order in accordance with Section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules authorizing filing of the Arrangement Fee Letter under seal. The Debtors will disclose the Arrangement Fee Letter to the United States Trustee, the Creditors' Committee, and other necessary parties as provided in the proposed order.

## BASIS FOR RELIEF REQUESTED

6. Bankruptcy Code section 107(b) provides, in relevant part, that:

(b) On request of a party in interest, the bankruptcy court shall and on the bankruptcy court's own motion, the bankruptcy court may

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

7. Similarly, Rule 9018 of the Bankruptcy Rules provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

8. Movants submit that sufficient cause exists for this Court to grant the relief requested herein. Publication of the Arrangement Fee Letter would be inappropriate and could

3

be materially harmful to the success of arranging the term loan facility being sought by the Debtors. If the Arrangement Fee Letter were made public, the Arrangers may not be able to arrange the term loan facility on terms that are most beneficial to the Debtors. Furthermore, publication of the Arrangement Fee Letter would be inappropriate and materially harmful to the respective businesses of the Arrangers. The Arrangement Fee Letter contains certain terms that are both commercially sensitive and proprietary to those firms. It is essential to the firms that their fees remain strictly confidential. Each firm takes great care to ensure that its fee arrangements are kept strictly confidential. Public disclosure of their fee arrangements would create a disadvantage for each firm in their negotiations with other clients, whose fees may be calculated differently. It would also create a competitive disadvantage in their competition with other financial institutions to lead other financings, who would see a current fee proposal from the Arrangers, without the Arrangers having similar information regarding their competitors' fee arrangements. The fees that the Arrangers are charging on the financing for the Debtors was proposed under the assumption that it would remain confidential; should the Arrangement Fee Letter be required to be made public, the fee the Arrangers are willing to accept for arranging the financing may well be different than that currently proposed.

9. Recognizing the importance of the Court's review of the Arrangement Fee Letter, balanced with protecting the confidential and proprietary information, the Movants are requesting that the Arrangement Fee Letter be filed under seal for *in camera* review and disclosure only in accordance with the following procedures (the "Procedures"):

(a) The Debtors shall file a copy of the Arrangement Fee Letter with the Court under seal.

(b) The Debtors shall provide a copy of the Arrangement Fee Letter, marked "Highly Confidential", to the Office of the United States Trustee and the Creditors' Committee, each of whom, including their respective members, employees and

professionals shall maintain the letter and the information contained in the letter in strictest confidence and shall not disclose the letter or any information contained in the letter to any other person or entity.

(c)  Subject to the consent of the Arrangers (which shall not be unreasonably withheld) the Debtors shall provide a copy of the Arrangement Fee Letter on a "professional eyes only" basis to any party-in-interest who requests such a copy and who executes a confidentiality agreement acceptable to the Movants. Any such request shall be made in writing and delivered by regular mail, fax or email to (i) Dennis Twomey, counsel for the Debtors, Sidley Austin LLP, 1 South Dearborn, Chicago, Illinois, and (ii) Gregory Willard, counsel for JPMSI, Bryan Cave LLP, 211 North Broadway, St. Louis, Missouri 63102.

10.  Courts in this jurisdiction have authorized the filing of confidential financing documents under seal in cases comparable to the Debtors' cases. See e.g., In re Smurfit-Stone Container Corporation, et al., Case No. 09-10235 (BLS), Order dated January 27, 2009 (Docket No. 77); In re Tribune, et. al., Case No. 08-13141 (KJC), Order dated December 10, 2008 (Docket No. 62) (authorizing the filing under seal of fee letters containing confidential information); In re WCI Communities, Inc., et. al., Case No. 08-11643 (KJC), Order dated September 23, 2008 (Docket No. 411) (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility); In re Portola Packaging, Inc., et. al., Case No. 08-12001 (CSS), Order dated September 22, 2008 (Docket No. 135) (authorizing the filing under seal of exit financing letter of intent containing confidential commercial information); In re Federal-Mogul Global Inc., T&N Limited, et. al., Case No. 01-10578 (JKF), Order dated October 30, 2006 (Docket No. 10861) (authorizing the filing of amended DIP facility fee letter under seal); In re Owens Corning, Case No. 00-3837 (JKF), Order dated July 17, 2006 (Docket No. 18446) (authorizing the filing of exit financing commitment documents under seal); In re Kaiser Aluminum Corp., Case No. 02-10429 (JKF), Order dated May 15, 2006 (Docket No. 8710) (authorizing the filing under seal of fee letters containing certain confidential commercial information).

## CONCLUSION

11. The Movants respectfully request that this Court permit the Arrangement Fee Letter to be filed under seal pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules because of the harm that would ensue if the highly confidential information contained in the Arrangement Fee Letter became public information.

## NOTICE

12. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel to the Committee; (vi) counsel to the agents for the Debtors' prepetition loan facilities; (vii) counsel to the agents for the Debtors' post-petition lenders; (viii) the indenture trustees for each series of the Debtors' pre-petition notes; and (ix) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

*Remainder of page intentionally left blank*

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Movants to file under seal the Arrangement Fee Letter; and (b) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
January 2, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Matthew A. Clemente
Dennis M. Twomey
Bojan Guzina
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert F. Poppiti, Jr.
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Mark D. Collins*
Mark D. Collins (No. 2981)
Dana Reynolds (No. 4930)
Andrew Irgens (No. 5193)
Julie Finocchiaro (No. 5303)
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Telephone: (302) 651-7531
Facsimile: (302) 784-7063

-and-

BRYAN CAVE LLP
Gregory D. Willard
Heather B. Rucker
Suite 3600
211 North Broadway
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 552-8370

ATTORNEYS FOR J.P.MORGAN SECURITIES INC.