# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SMURFIT-STONE CONTAINER CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10235 (BLS)<br><br>Jointly Administered<br><br>Hearing Date: N/A<br>Objection Deadline: N/A |

### MOTION PURSUANT TO DEL. BANKR. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER (I) MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 363(b) AND 364(b) OF THE BANKRUPTCY CODE FOR AUTHORITY TO (A) ENTER INTO EXIT TERM LOAN FACILITY ENGAGEMENT AND ARRANGEMENT LETTER AND FEE LETTER, (B) PAY ASSOCIATED FEES AND EXPENSES, AND (C) FURNISH RELATED INDEMNITIES AND (II) JOINT MOTION OF THE DEBTORS AND J.P. MORGAN SECURITIES INC. FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE ARRANGEMENT FEE LETTER RELATING TO EXIT TERM LOAN FACILITY

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order shortening the time for notice of (i) their Motion for an Order Pursuant to Sections 105(a), 363(b) and 364(b) of the Bankruptcy Code for Authority to (A) Enter into Exit Term Loan Facility Engagement and Arrangement Letter and Fee Letter, (B) Pay Associated Fees and Expenses, and (C) Furnish

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Smurfit-Stone Container Corporation (1401), Smurfit-Stone Container Enterprises, Inc. (1256), Calpine Corrugated, LLC (0470), Cameo Container Corporation (5701), Lot 24D Redevelopment Corporation (6747), Atlanta & Saint Andrews Bay Railway Company (0093), Stone International Services Corporation (9630), Stone Global, Inc. (0806), Stone Connecticut Paperboard Properties, Inc. (8038), Smurfit-Stone Puerto Rico, Inc. (5984), Smurfit Newsprint Corporation (1650), SLP Finance I, Inc. (8169), SLP Finance II, Inc. (3935), SMBI Inc. (2567), Smurfit-Stone Container Canada Inc. (3988), Stone Container Finance Company of Canada II (1587), 3083527 Nova Scotia Company (8836), MBI Limited/Limitée (6565), Smurfit-MBI (1869), 639647 British Columbia Ltd. (7733), B.C. Shipper Supplies Ltd. (7418), Specialty Containers Inc. (6564), SLP Finance General Partnership (9525), Francobec Company (7735), and 605681 N.B. Inc. (1898). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 222 North LaSalle Street, Chicago, Illinois 60601.

Related Indemnities (the "Exit Financing Motion") and (ii) the Joint Motion of the Debtors and J.P. Morgan Securities Inc. for Entry of an Order Authorizing the Filing Under Seal of the Arrangement Letter Relating to Exit Term Loan Facility (the "Seal Motion," and together with the Exit Financing Motion, the "Motions")[2] so that the Motions may be heard at the omnibus hearing currently scheduled for January 14, 2010 at 11:00 a.m. (ET).

1. The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") require twenty-one (21) days' notice prior to the hearing date for motions involving the use or sale of estate property. See Fed. R. Bankr. P. 2002(a)(2). Likewise, Local Rule 9006-1(c) provides for a seventeen (17) day notice period if service is by mail, and a fifteen (15) day notice period if service is by overnight delivery, for motions not otherwise governed by the Bankruptcy Rules or Local Rules. Pursuant to Local Rule 9006-1(e), however, such periods may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.

2. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the Motions as it relates to the relief sought therein. As set forth more fully in the Exit Financing Motion, a key element of the restructuring contemplated by the Plan is the availability of exit financing that provides sufficient funding for the Debtors to meet their cash obligations under the Plan and for the reorganized Debtors to have sufficient working capital for their business operations and general corporate purposes. To this end, the Debtors currently contemplate entering into a term loan facility and a revolving credit facility in connection with their emergence from chapter 11. Entry into the Term Loan Arrangement Documents constitutes the first step in arranging the Term Loan Facility, as the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motions.

Arrangement Letter contemplates that the Arrangement Parties will use commercially reasonable efforts to structure, arrange and syndicate the Term Loan Facility and will assist in obtaining commitments from prospective lenders in respect of the facility. In return for the Arrangement Parties' undertakings, the Debtors have agreed to, among other things, pay to J.P. Morgan (for the accounts of J.P. Morgan, DBSI and BAS) an arrangement fee based on US$1,200,000,000 or such lesser amount of commitments as are raised by the Arrangement Parties, provide certain indemnities to the Arrangement Parties and reimburse the Arrangement Parties for reasonable out-of-pocket expenses. Once the Term Loan Arrangement Documents are executed and approved, the Debtors anticipate that the Arrangement Parties and the Debtors will seek commitments from prospective lenders in respect of the Term Loan Facility, and negotiate the definitive documentation for the Term Loan Facility.

3. Because exit financing is necessary to finance their obligations under the Plan and provide the essential funding for their emergence from chapter 11, the Debtors submit that it is necessary and in the best interests of their estates and creditors for the relief sought in the Exit Financing Motion to be considered and approved at the January 14, 2010 hearing. Rather than bear the risk of a change in the financial markets or the occurrence of other circumstances that might create obstacles to their emergence, the Debtors believe that it is critical to secure meaningful exit financing commitments as promptly as possible. Approval of the Exit Financing Motion is critical to achieving this goal, as the Arrangement Parties require the protections provided to them under the Arrangement Letter – including, among other things, the indemnity provided thereunder – in connection with their efforts relating to the Debtors' proposed exit financing term loan facility. Indeed, although the Arrangement Parties may commence syndication efforts before such approval, the Arrangement Parties will have the right

to suspend syndication efforts at any time before this Court's approval has been obtained. Thus, absent the relief requested herein, the Debtors run the risk that their ongoing efforts to obtain committed exit financing as quickly as possible will be jeopardized.

4. In addition to shortening the notice period for consideration of the Exit Financing Motion, the Debtors request this Court to shorten the applicable notice period for the Seal Motion. Because the Arrangement Fee Letter contains information that is commercially sensitive to the Debtors and JPMSI and proprietary to the Arrangers, the Debtors and JPMSI submit that filing the Arrangement Fee Letter under seal is critical and in the best interests of the Debtors' estates and creditors as well as the Arrangers. The parties further submit that consideration of the relief requested in the Seal Motion at the January 14, 2010 hearing is necessary since the Debtors are requesting this Court to consider the Exit Financing Motion on that same date.

5. In light of the foregoing, the Debtors submit that consideration of the Motions at the January 14th hearing is necessary, prudent and in the best interests of the Debtors, their estates and their creditors so that the Motions and the relief requested therein, which are inextricably tied to the Debtors' efforts to preserve and maximize estate value and successfully emerge from chapter 11 by securing an exit term loan facility as quickly as possible, can be considered on an expedited basis. In furtherance of this goal and the relief requested herein, the Debtors' professional advisors, well in advance of the filing of this Motion to Shorten, engaged in active discussions with the Committee's professional advisors regarding the Exit Financing Motion and provided them with various drafts of the underlying documents.

6. Because of the shortened notice period, the Debtors propose to give any party objecting to the Motions until January 11, 2010 at 4:00 p.m. (ET) to file and serve any

4

objections upon the undersigned counsel for the Debtors. This proposed objection deadline will allow the Debtors to file a complete hearing agenda prior to the deadline for doing so for the January 14th hearing. Given the shortened notice period, on the date hereof, the Motions will be served by express mail and/or overnight or hand delivery on: (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel to the Committee; (vi) counsel to the agents for the Debtors' pre-petition loan facilities; (vii) counsel to the agents for the Debtors' post-petition lenders; (viii) the indenture trustees for each series of the Debtors' pre-petition notes; (ix) counsel for JPMSI; and (x) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).

*Remainder of page intentionally left blank*

WHEREFORE, the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, scheduling a hearing on the Motions for January 14, 2010 at 11:00 a.m. (ET) and requiring that any responses to the Motions be filed and served so as to be received on or before January 11, 2010 at 4:00 p.m. (ET).

Dated: Wilmington, Delaware  
       January 2, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Matthew A. Clemente  
Dennis M. Twomey  
Bojan Guzina  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ _____  
Robert S. Brady (No. 2847)  
Edmon L. Morton (No. 3856)  
Matthew B. Lunn (No. 4119)  
Robert F. Poppiti, Jr. (No. 5052)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS  
AND DEBTORS-IN-POSSESSION

6

DB02:9088286.2                                               068063.1001